## STATE *vs.* WALTER HONEY.

1. INDICTMENT AND INFORMATION—INCLUDED OFFENSES—ASSAULT TO RAPE.

A charge of assault with intent to rape includes an assault as well.

2. ASSAULT AND BATTERY—"ASSAULT"—DEFINITION.

An "assault" is an unlawful attempt by force and violence to do injury to the person of another, the person making the attempt having the present ability to commit such injury.

3. RAPE—ASSAULT TO RAPE—ELEMENTS OF OFFENSE.

In a prosecution for assault with intent to rape, it must be established that, if accused had consummated his intent, he would have been guilty of rape.

4. RAPE—DEFINITION.

"Rape" is carnal knowledge of a woman, above the age of 10 years, by force and against her will.

5. CRIMINAL LAW—"REASONABLE DOUBT."

"Reasonable doubt" is not a vague, fanciful, or mere possible doubt, but is a real, substantial doubt, such as an intelligent, impartial, and conscientious man would entertain after a careful consideration of all the evidence.

*(April 19, 1911.)*

PENNEWILL, C. J., and RICE, J., sitting.

*W. Watson Harrington,* Deputy Attorney General, for the state.

*Richard R. Kenney* and *Henry Ridgely, Jr.,* for defendant.

Court of General Sessions, Kent County, April Term, 1911.

INDICTMENT (No. 8, February Term, 1911) for assault with intent to commit rape upon a girl seventeen years old in her dwelling in the town of Dover, at about eleven o'clock in the forenoon, of January 30, 1911. The prosecuting witness swore that the prisoner came to the house, entered the front door and asked where her father was. She told him he was away from home at work, and closed the door. In a few minutes the prisoner entered the house, came to the kitchen where she was alone, and asked her if she did not want to make a dollar. She said, "No," she had

dollars of her own.  He then seized her by the shoulder and she released herself and went out on the back porch, where she stayed until she thought he had left the house.  When she re-entered the kitchen he came in again, seized her by the arm and throat and threw her to the floor.  She struggled and succeeded in getting up, but he threw her down the second time, when she again released herself.  He threw her down the third time, unfastened his drawers while doing so, got between her legs and put his hand under her clothing, at which time her father entered the kitchen and asked what that man was doing there.  As her father entered, the prisoner jumped up, ran to the other side of the room and adjusted his clothes.  The father immediately took her to the office of a justice of the peace, where she made the complaint against the prisoner.  The prisoner denied that he committed any assault at all, stating, that he went in the house to give the girl's father a drink, sat down in a chair and was talking to the prosecuting witness when her father entered.

(For motion for continuance of same case, *post* 452.)

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The prisoner at the bar, Walter Honey, is charged in this indictment with having committed, on the thirtieth day of January of the present year, an assault upon the prosecuting witness, Minnie Coward, with the intent her the said Minnie Coward to ravish and carnally know.

The indictment is based upon a statute of this state, which provides: "That if any person shall, with violence, assault any female, with intent to commit rape, such person shall be deemed guilty of felony," etc.

[1]  The charge embraces, therefore, as you observe, not only an assault, but also an intent to commit rape.

[2]  An assault is an unlawful attempt by force and violence to do injury to the person of another, the person making the attempt having the present ability to commit such injury.

You may find the prisoner guilty of an assault only, if the evidence warrants you in so doing.

[3]  In order to find the prisoner guilty in manner and form as he stands indicted, that is, guilty of an assault with intent to

commit rape, you must be satisfied from the evidence that if the prisoner had consummated his intent, that is, accomplished his purpose, he would have been guilty of rape.

[4] It is necessary, therefore, for us to tell you briefly what constitutes the crime of rape. Rape has been defined by the court to be the carnal knowledge of a woman, above the age of ten years, by force and against her will.

If you believe from the testimony that the prisoner not only committed the assault alleged in the indictment, but that he intended at the time to commit the crime of rape, you should find him guilty in manner and form as he stands indicted.

In this case you may find any one of three verdicts, as the evidence shall warrant and justify, viz.:

If you are satisfied beyond a reasonable doubt from the evidence in the case that the prisoner committed an assault upon the prosecuting witness with intent to commit rape, as alleged in the indictment, your verdict should be guilty in manner and form as he stands indicted.

If you are not satisfied that the prisoner committed the assault with intent to commit rape, but nevertheless believe beyond a reasonable doubt that he did commit an assault upon the prosecuting witness, your verdict should be not guilty in manner and form as he stands indicted, but guilty of an assault only. But if you are not satisfied beyond a reasonable doubt that the prisoner committed an assault upon the prosecuting witness with intent to commit rape, or even that he committed an assault upon her, your verdict should be not guilty.

In order to convict the prisoner it is necessary that you shall believe the alleged assault was committed by force and against the will of the prosecuting witness. If it was done with her consent, he would not be guilty of any offense.

[5] If after carefully considering all the evidence in the case, you entertain a reasonable doubt of the guilt of the prisoner, that doubt inures to his benefit and your verdict should be not guilty. But we say to you that a reasonable doubt does not mean a vague, fanciful or mere possible doubt, but a real substantial doubt,

and such a doubt as intelligent, impartial and conscientious men would entertain after a careful consideration of all the evidence in the case.

Verdict, guilty of assault.